868 So.2d 958 (2004)
Richard L. BAXTER, Plaintiff-Appellee,
v.
John DOE, et al., Defendant-Appellant.
No. 38,062-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 2004.
*959 J. Michael Rhymes, Monroe, for Appellant.
Shelly D. Dick, Baton Rouge, Jason Bonaventure, for Appellee, Richard L. Baxter.
Jefferson B. Joyce, for Appellee, New Hampshire Insurance Company.
William T. McNew, Monroe, for Appellee, Gannett River States Publishing Company.
Before WILLIAMS, STEWART and MOORE, JJ.
WILLIAMS, Judge.
The defendant, John Scott, appeals a judgment in favor of the third-party defendant, New Hampshire Insurance Company ("New Hampshire"). The district court granted New Hampshire's motion for summary judgment, finding that the insurer did not owe a duty to defend Scott under *960 the terms of the policy. For the following reasons, we affirm.

FACTS
In April 2002, Richard Baxter, the former Vice-President of External Affairs at the University of Louisiana Monroe (ULM), filed a petition for damages against the defendants, John Doe numbers one through six, alleging that these unidentified individuals published false and defamatory statements about him on an internet website. Subsequently, Baxter filed an amended petition naming John Scott, a former ULM professor, as an additional defendant. Baxter alleged that Scott had paid Homestead Technologies, Inc. ("Homestead"), an internet service provider, to obtain space for a website to be viewed on the internet and that Scott had used the website to publish, author, edit or disseminate malicious, false and defamatory statements concerning Baxter's activities at ULM.
In July and August 2002, Scott requested that his homeowner insurer, New Hampshire, defend him against Baxter's lawsuit. After New Hampshire declined to provide a defense, Scott filed a thirdparty demand alleging that his insurer had a duty to defend him against the defamation claim under his homeowners' insurance policy. New Hampshire filed a motion for summary judgment denying coverage or a duty to defend on the grounds that the allegations of the lawsuit did not meet the policy definition of "occurrence" and that the damages asserted did not constitute "bodily injury" or "property damage" as defined in the policy. The insurance policy defined the term occurrence as "an accident, including continuous or repeated exposure to ... harmful conditions" resulting in bodily injury or property damage. Bodily injury was defined as bodily harm, sickness or disease. Property damage was defined as physical injury, destruction or loss of use of tangible property.
After a hearing, the district court granted the motion for summary judgment, finding that New Hampshire did not owe a duty to defend Scott since there had not been an "occurrence" as required for coverage under the policy. Scott appeals the judgment.

DISCUSSION
Scott contends the district court erred in granting the motion for summary judgment. Scott argues that the court incorrectly found that there was no coverage afforded by the insurance policy and that New Hampshire did not owe a duty to defend the lawsuit despite the lack of an express exclusion of defamation claims.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the movant will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The non-moving party must then produce factual support sufficient to satisfy her evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
*961 An insurance policy is an agreement between the parties and should be interpreted by using the general rules of contract interpretation set forth in the Louisiana Civil Code. Ducote v. Koch Pipeline Co., L.P., 98-0942 (La.1/20/99), 730 So.2d 432. LSA-C.C. art. 2045 defines interpretation of a contract as the determination of the common intent of the parties. Such intent is to be determined in accordance with the plain and ordinary meaning of the language used in the policy, unless the words have acquired a technical meaning. Ducote, supra; Gleason v. State Farm Mutual Auto. Ins. Co., 27,297 (La. App.2d Cir.8/23/95), 660 So.2d 137. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and impose reasonable conditions upon the obligations assumed in a given policy. Ducote, supra; Gleason, supra.
Generally, an insurer's duty to defend lawsuits against its insured is broader than its liability for damage claims. The duty to defend is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Yount v. Maisano, 627 So.2d 148 (La.1993); Matheny v. Ludwig, 32,288 (La.App.2d Cir.9/22/99), 742 So.2d 1029. Thus, assuming all the allegations of the petition to be true, if there would be both coverage under the policy and liability to the plaintiff, the insurer must defend the lawsuit regardless of its outcome. Yount, supra; Matheny, supra.
In the present case, the policy provides in pertinent part:
COVERAGE E-Personal Liability
If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which the "insured" is legally liable ....; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.
In the amended petition for damages, Baxter alleged that Scott paid Homestead to provide a website to be viewed on the internet. Baxter further alleged that Scott authored, edited and published false, malicious and defamatory statements about him on the website. As previously stated, New Hampshire's duty to provide a defense under the policy arises from a claim against the insured for damages caused by an occurrence, which is defined as an accident. However, a reading of the petition shows that Baxter was complaining about intentional conduct by Scott.
The record shows that Baxter served as a public official in his capacity as a vice-president at ULM. Thus, Baxter was required to prove by clear and convincing evidence that Scott made the defamatory statements with actual malice, i.e., he knew of the statement's falsity or made the statement with reckless disregard of whether or not it was false. Trentecosta v. Beck, 96-2388 (La.10/21/97), 703 So.2d 552; Anders v. Andrus, 00-00552 (La.App. 3rd Cir.12/6/00), 773 So.2d 289. This "actual malice" requirement makes defamation of a public official an intentional tort, an act excluded from coverage by the New Hampshire policy's definition of occurrence.
Considering the allegations of the petition and the provisions of the insurance policy, the district court reasonably determined that Scott would not be able to establish that New Hampshire owed a duty to defend him against Baxter's defamation *962 action. Therefore, we cannot say the district court erred in granting summary judgment in favor of the third-party insurer. The assignment of error lacks merit. In reaching this disposition, we pretermit a discussion of the remaining assignment of error regarding the denial of Scott's motion to strike.

CONCLUSION
For the foregoing reasons, the district court's judgment is affirmed. Costs of this appeal are assessed to the appellant, John Scott.
AFFIRMED.